Mario Pittoni, J.
This is a petition for cancellation and discharge of a mortgage pursuant to section 333-b of the Real Property Law. The petitioner is the record owner of the premises. On February 21, 1945, he executed and delivered to Shepard H. Farrington a mortgage in the sum of $800 as security for a loan. The mortgage provided for quarterly installment payments of principal in the sum of $25, commencing June 1, 1945, together with interest at the rate of 6%.
*152 On November 26,1947, the mortgage was duly assigned to Aili Hillenbrand, a sister of the petitioner, who is the present holder thereof. At the time of the assignment the balance due on the mortgage equalled $550. Until this time, all payments on account of the mortgage had been made by Mrs. Hillenbrand, and this fact explains the reason for the assignment.
The mortgagee now refuses to execute a satisfaction of the mortgage, although she admits having received 11 checks from the petitioner, between May 21, 1952 and May 21, 1953, totaling $990 (the correct amount is $1,000). Each of these checks bears Mrs. Hillenbrand’s indorsement and a statement indicating it constituted a payment on the mortgage.
The mortgagee claims there is a total of $2,599.22 owing to her for moneys advanced to her brother, inclusive of interest. The sum of $1,144.91 is claimed for personal advances; $334.36 is added for expenses incurred in her trip from Florida to this court, and $1,119.95 is claimed to be owing on the original $800 mortgage.
The court need not concern itself with the first two items. The personal advances and the trip expenses cannot be charged against the mortgage. It is interesting to note, however, how the first sum is computed. Between November 11, 1945 and October 18, 1949, Mrs. Hillenbrand gave the petitioner for his personal needs a total of $558.33. She then charges her brother 6% quarterly on this amount from June 1, 1949 to date, and arrives at the figure of $1,144.91. This family inspired accounting procedure would be better left unmentioned, but for the fact that the same procedure is used to arrive at the $1,119.95 figure claimed to be owed on the mortgage.
Commencing on December 1, 1945, the date Mrs. Hillenbrand made the initial $36.25 mortgage payment, she charges the petitioner 6% quarterly on each subsequent payment until December 1,1947. On this date the mortgage was assigned to her, and her figures then showed $299.83 owing. To this figure, Mrs. Hillenbrand added $604 (presumably representing the balance of the mortgage which actually was $550) making a total due of $903.83. The latter sum is compounded at 6% quarterly to date, to arrive at the final total of $1,119.95, after crediting petitioner with the $1,000 payment. Of this accounting procedure money lenders may take heed, but the court cannot.
The family history discloses that petitioner’s sister, Mrs. Hillenbrand, voluntarily assumed control of the property and affairs of her brother for many years. These endeavors were undoubtedly burdensome to Mrs. Hillenbrand. The court believes they were undertaken in good faith and intended for his best interest *153 and welfare. The petitioner was at one time committed for incompetency, and, at other times, appears to have been incapable of managing his own affairs. During these times Mrs. Hilleribrand either gave or loaned various sums to her brother. These sums, however, cannot by unilateral action be added to or made part of the mortgage involved.
The court finds that Mrs. Hillenbrand became the holder of the mortgage in 1947, at which time there was an unpaid balance due of $550 with interest at 6%. In 1952 and 1953, the petitioner paid a total of $1,000 on account of the mortgage, and the mortgagee herself received and applied the money to the mortgage. The sum so paid more than satisfied the mortgage with interest. The mortgage is paid and the petition is granted. The court believes the mortgagee was sincere but mistaken in her action in withholding a satisfaction piece, and accordingly awards no costs.